UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

D'ANGELO ROYSTER,

               Plaintiff,              Case No. 2:10-cv-202

v.                                               Honorable Robert Holmes Bell

BRANDON SWEENEY, et al.,

               Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff may pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

I.   Factual allegations

Plaintiff D'Angelo Royster, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Dennis Straub, Unknown Party, Resident Unit Manager Bill Delene, Warden Gary Capello, MDOC Director Patricia Caruso, and Resident Unit Officer J. Karpperien. In his complaint, Plaintiff alleges that on July 6, 2010, Resident Unit Officer Linder came to his cell and stole his television set. Minutes earlier, Defendant Sweeney had announced over the intercom that all prisoners who were not on Stage 4 of the Incentives in Segregation Pilot Project would have their televisions taken. Plaintiff was given a contraband removal record, which Plaintiff attaches as an exhibit to his complaint. Plaintiff claims that he was never given any pre or post deprivation remedies.

Plaintiff later learned that Defendant Delene is the prison coordinator for the project and instructed Defendant Sweeney on the program. Plaintiff asserts that the Segregation Pilot Project coerces prisoners into making a written confession regarding the reason they are in segregation. Plaintiff notified the Defendants of his Fifth and Sixth Amendment rights to remain silent, as well as his right to counsel. Plaintiff's refusal to comply with the Segregation Pilot Project requirements led to him being placed on the disruptive prisoner wing by Defendant Karpperien. Plaintiff states that the implementation of the rule violated his Ex Post Facto rights. Plaintiff seeks damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010 (holding that the *Twonbley/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that his television set was confiscated in violation of his constitutional rights. According to the contraband removal record, Plaintiff's television was seized on July 6, 2010, and was being stored in the property room because Plaintiff was "below stage 4" on the Incentive Program. (Plaintiff's Exhibit A.) Plaintiff apparently disagrees with the requirements of the Segregation Pilot Project and refuses to participate in order to regain the use of his television.

Plaintiff claims that Defendants' conduct violates his rights under the Fifth Amendment. The Double Jeopardy Clause of the Fifth Amendment precludes successive state proceedings that are essentially criminal in nature. *Breed v. Jones*, 421 U.S. 519, 527-528 (1974). In *Breed*, the Court noted that criminal proceedings impose heavy pressures and burdens on a person charged. *Breed*, 421 U.S. at 529-530. The purpose of the Double Jeopardy Clause is to ensure that a person not be subject to such a proceeding more than once for the same offense. *Breed*, 421 U.S. at 530. The Fifth Amendment also protects a person's right against self-incrimination. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1975). A prisoner may remain silent when charged with a prison rule infraction, but his silence during a prison disciplinary hearing may be weighed against him in determining his guilt. *Palmigiano*, 425 U.S. at 316-319. Plaintiff in this case failed to allege any facts which would implicate his rights under the Fifth Amendment. Therefore, Plaintiff's Fifth Amendment claim should be dismissed as frivolous.

Plaintiff contends that his Sixth Amendment right was violated when Defendants took his television without allowing him the assistance of counsel. However, the Sixth Amendment protects a person's right to counsel in all criminal proceedings. U.S. CONST. amend. VI. The Sixth Amendment does not give a prison inmate the right to counsel in civil proceedings. Further, an

inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). Therefore, plaintiff's Sixth Amendment claims are properly dismissed as being without merit.

Plaintiff claims that Defendants' conduct violated his rights under the Fourteenth Amendment because he did not receive either pre or post deprivation remedies. As noted above, Plaintiff's television was confiscated because of his failure to cooperate with prison officials and will not be returned to him until he cooperates with the requirements of the Segregation Pilot Project. It does not appear as if Plaintiff's television set has been destroyed or permanently disposed of in some manner. Rather, Plaintiff is merely being deprived of the privilege of having the television in his cell until he complies with the requirements of the Segregation Pilot Project.

The Court concludes that this claim is without merit on the basis of *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, the Plaintiff alleged that prison officials deprived him of procedural due process by refusing to allow him to present witnesses during a disciplinary hearing and then sentencing him to segregation for misconduct. *Sandin*, 515 U.S. at 474. In reversing the Ninth Circuit's decision that the prisoner had a liberty interest in remaining free of disciplinary segregation, the Supreme Court abandoned the search for mandatory language in prisoner regulations as previously called for under *Hewitt v. Helms*, 459 U.S. 460 (1983), and ruled instead that it was time to return to the due process principles which were established in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Meachum v. Fano*, 427 U.S. 215 (1976). *Sandin*, 515 U.S. at 483 (internal citations omitted).

In *Sandin*, the Supreme Court noted that in some cases, a restraint might be so extreme as to implicate rights arising directly from the Due Process Clause itself. *Sandin*, 515 U.S.

at 483-484 (internal citations omitted).  In addition, the Court recognized that States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300.  However, such restraints are rare and do not include, for example, transfer into solitary confinement.  *Sandin*, 515 U.S. at 486.  Nor does placement in administrative segregation normally constitute such a hardship.  *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.), *cert. denied*, 522 U.S. 848 (1997); *Rimmer-Bey v. Brown*, 62 F.3d 789 (6th Cir. 1995).[1]  In addition, Plaintiff has no right to prison employment or to early release on parole.  *Greenholtz v. Inmates, Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994), *cert. denied*, 513 U.S. 1158 (1995); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989).

      As noted above, Plaintiff is complaining that he is not being allowed to have his television in his cell because he refuses to comply with the Incentives in Segregation Program.  According to the attachments to Plaintiff's complaint, Plaintiff must comply with the following requirements in order to be placed at Stage 4 and obtain the return of his television set:

1. Prisoner will not be threatening towards staff or prisoners.

2. Prisoners will speak to staff without yelling, swearing, or exposing themselves.

---

[1] But see *Howard v. Grinage*, 82 F.3d 1343 (6th Cir. 1996), where the court found a liberty interest in freedom from confinement in segregation.  The court did not cite *Sandin*.  It appears that this decision was based on the law of the case doctrine.  The Sixth Circuit instructed the lower court to comply with the Court's pre *Sandin* holding in *Howard v. Grinage*, 6 F.3d 410 (6th Cir. 1993) remanding the matter for a determination of whether damages should be awarded.

3. Prisoners must maintain proper hygiene, shower three times a week, clean cell when cleaning supplies are passed, maintain a clean cell at all times, and have bed made when not sleeping.

4. Prisoner must write or explain the proper and valid reason why they are in segregation and what it requires to get out of segregation. Prisoner must show that he/she accepts responsibility for his/her actions. Prisoners who do not have an understanding of this will ask questions verbally, or in writing.

5. Prisoner will not yell at other prisoner or cause excessive noise.

6. Prisoner will not pass items to other prisoners or open his door slots.

7. Prisoner may be required to work within the housing unit as authorized by Unit Staff, i.e. clean empty cells, shovel yard modules, tutoring other prisoners in a cell next to them, etc.

(Plaintiff's Exhibit A, Incentives in Segregation Handout - Stage 4.)

The court notes that requiring Plaintiff to comply with the above rules in order to have the privilege of keeping his television in his cell does not constitute an atypical and significant hardship. Contrary to Plaintiff's assertion, there is no indication that requiring Plaintiff to accept responsibility for the actions which led to his placement in segregation incriminates Plaintiff in a criminal proceeding. Accordingly, Plaintiff's due process claim is properly dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 12, 2011              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE